ORIGINAL

NORTHERN DISTRICT OF TEXAS
FILED
MAR 14 2005
CLERK, U.S. DISTRICT COURT
By ______ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

PREMIUM INCOME CORP.,
INFOREX, LTD.,
TRI-FOREX INTERNATIONAL LTD.
also known as
INTERNATIONAL FOREX COMPANY,
GERALD LEO ROGERS,
also known as
JAY ROGERS and JAY RODGERS, and
ALEXANDER IGOR SHEVCHENKO,

Defendants.

NO. 3-05 CV 0416-M B

CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT INFOREX, LTD.

On March 3, 2005, the United States Commodity Futures Trading Commission ("CFTC") filed the complaint in this action against Premium Income Corp. ("PIC"), Inforex, Ltd. ("Inforex"), Tri-Forex International Ltd. ("Tri-Forex"), Gerald Leo Rogers ("Rogers"), and Alexander Igor Shevchenko ("Shevchenko"). The Complaint seeks injunctive and other equitable relief for violations of the antifraud and exchange trading provisions of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* Based upon the attached written consent of Inforex to this Order of Preliminary Injunction and Other Equitable Relief ("Order"), the Court finds, for the purpose of this Order, that Inforex acknowledges service of the Summons and Complaint in this

action, admits to this Court's jurisdiction over it and the subject matter of this action, and admits that venue lies properly with this Court. The Court further finds that Inforex, without admitting or denying the allegations of the Complaint except as to jurisdiction and venue, consents to the entry of this Order. The Court also finds that Inforex's consent to this Order is entered into voluntarily and that no promise or threat has been made by the CFTC, or any member, officer, agent, or representative of the CFTC, to induce Inforex to consent to this Order.

Accordingly, this Court finds:

This Court has jurisdiction over Inforex and the subject matter of this action pursuant to Sections 6c of the Act, 7 U.S.C. §§ 13a-1, which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Inforex is found in, inhabits, or transacts business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

Inforex enters its appearance and acknowledges receipt of the Summons and Complaint.

Inforex waives the entry of findings of fact and conclusions of law in this action pursuant to Fed. R. Civ. P. 52.

**IT IS THEREFORE ORDERED:**

1. Inforex, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, are enjoined and restrained, until further order of this Court, from directly or indirectly:

A. Cheating, defrauding or deceiving, or attempting to cheat, defraud, or deceive other persons by making false, deceptive or misleading representations of material facts, by failing to disclose material facts, and by misappropriating customer funds in or in connection with an offer to enter into, the entry into, or the confirmation of the execution of commodity option transactions in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and CFTC Regulations 1.1(b) and 32.9, 17 C.F.R. §§ 1.1(b), 32.9; and

B. soliciting or accepting orders for, or accepting funds in connection with, the purchase or sale of any commodity option, or supervise any person or persons so engaged, in violation of Section 4c(b) of the Act, 7 U.S.C. 6c(b), and CFTC Regulation 32.11, 17 C.F.R. § 32.11.

2. Inforex, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, are restrained, enjoined, and prohibited from directly or indirectly:

A. Dissipating, withdrawing, transferring, removing, concealing, or disposing of cash, cashier's checks, funds, assets, or other property of Inforex, or within the custody, control, or possession of Inforex, whether held in the name of Inforex or otherwise, and wherever situated, except as authorized by the Receiver appointed herein and discussed in paragraph 4 below; and

B. Destroying, mutilating, concealing, altering, or disposing of, in any manner, or refusing to permit authorized representatives of the CFTC to inspect, when and as requested, any of the books, records, documents, correspondence, brochures, manuals, electronically stored data, tape recordings, or other property of Inforex, wherever situated, including all such records concerning Inforex 's activities as they relate to the other defendants.

3. The injunctive provisions of this Order shall be binding upon Inforex, upon any person acting in the capacity of agent, servant, employee, or attorney of Inforex, and upon any

person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Inforex.

4. Kelly Crawford is appointed the receiver ("Receiver") for Inforex, and all of the funds, properties, premises, accounts, and other assets directly or indirectly owned, beneficially or otherwise, by him with the full powers of an equity Receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

5. The Receiver shall accomplish the following:

A. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of Inforex, wherever situated. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of Inforex;

B. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients of defendants;

C. Prevent the withdrawal or misapplication of funds entrusted to Inforex, and otherwise protect the interests of customers or clients of defendants;

D. Collect all money owed to Inforex;

E. Open one or more bank accounts as designated depositories for funds of Inforex. The Receiver shall deposit all funds of Inforex in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts;

F. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to this Court for prior approval of any payment of any debt or obligation incurred by Inforex prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of Inforex; and

G. Maintain written accounts itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; make such written accounts and supporting documentation available to the CFTC for inspection; and, within sixty (60) days of being

appointed and periodically thereafter, as directed by this Court, file with this Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

6. The Receiver shall have authority to accomplish the following:

A. Determine that certain personal property or other assets of Inforex shall be under the Receiver's control, but shall remain in the possession or custody of Inforex;

B. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of Inforex or to carry out the Receiver's duties pursuant to this Order;

C. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order; and

D. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate.

7. Immediately upon service of this Order upon him, Inforex, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of Inforex;

B. Possession and custody of documents of Inforex, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all funds and other assets belonging to members of the public now held by Inforex;

D. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of

Inforex, including, but not limited to, access to the business premises of Inforex, telephone systems, voicemail, telephone answering devices, computer systems, computer software, or other property; and

E. Information identifying the accounts, employees, properties, or other assets or obligations of Inforex.

8. Inforex shall cooperate fully with and assist the Receiver. The cooperation and assistance of Inforex shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to Inforex that all debts should be paid directly to the Receiver.

9. Except by leave of this Court, during the pendency of the receivership ordered herein, Inforex and all other persons and entities in active concert or participation with it, shall be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of, Inforex, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating, or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Inforex or any property claimed by Inforex, or attempting to foreclose, forfeit, alter, or terminate any interests of Inforex in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Inforex, or the Receiver, or any agent of the Receiver; and

D. Doing any act or thing to interfere with the Receiver taking control, possession, or management of the property subject to the receivership; to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Inforex.

This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's civil, criminal, police, statutory, or regulatory power.

10. The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by Inforex. The Receiver shall file with this Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order and, thereafter, every ninety (90) days. The requests for compensation shall itemize the time and specific nature of services rendered by the Receiver and all personnel hired by the Receiver. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of this Court. The CFTC shall have the opportunity to review and to object to each such request for compensation.

11. Inforex, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive notice of this Order by personal service or otherwise are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or the business or personal finances of Inforex.

12. Each firm, corporation, partnership, association, or other person or entity with notice which holds or which is a depository of funds, securities, assets, or other property of

Inforex is prohibited, until further order of this Court, from transferring, withdrawing, removing, or disposing of any such funds, securities, assets, or other property except for the purpose of transferring such assets to the custody, control, and possession of the Receiver in accordance with this Court's March 2, 2005 *Statutory Ex Parte Restraining Order Freezing Assets, Preserving Books and Records, Allowing Access To Books and Records, and Appointing Temporary Receiver, and Order Granting Expedited Discovery.*

13. Inforex shall prepare, sign, and file with this Court within thirty (30) days of this Order a complete and accurate accounting of all assets and liabilities for the period December 1, 2004 to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets, and other property currently owned or controlled (legally, equitably, or otherwise) directly or indirectly by Inforex, whether individually or jointly;

B. All funds, securities, commodity interests, assets, and other property received directly or indirectly by Inforex, whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

C. All funds, securities, commodity interest contracts, assets, and other property transferred or otherwise disposed of directly or indirectly by Inforex in excess of $500, whether held individually or jointly, describing the source, amount, disposition, and current location of each listed item; and

D. The name and last known address of each bailee, debtor, or other person or entity currently holding any funds, securities, commodity interest contracts, assets, or other property owned or controlled (legally, equitably, or otherwise) by Inforex, either individually or jointly.

14. Inforex shall, within ten (10) days of the date of this Order, provide this Court, the Receiver, and the CFTC with an accounting of all persons and entities known by Inforex to have held accounts with, purchased commodity futures or options contracts through, or sent funds for the purpose of trading commodity interest contracts to defendants or any person or entity under

their control, ownership, employ, or supervision. With respect to each such person or entity, Inforex shall include the following information in the accounting:

A. The amount and date of each transfer of funds by any such person or entity to defendants, and the identity and location of each account into which such funds were deposited and/or transferred;

B. The amount and date of any payments made to such person or entity by defendants;

C. The current value and location of such person or entity's investment;

D. The identity, location, and complete trading record of all commodity interest trading accounts in which the funds of any such person or entity were deposited and the amount of profit realized or loss sustained in each such account; and

E. The identity and location of each bank account in which the funds of any such person or entity were deposited or transferred.

15. This Court's March 2, 2005 *Statutory Ex Parte Restraining Order Freezing Assets, Preserving Books and Records, Allowing Access To Books and Records, and Appointing Temporary Receiver, and Order Granting Expedited Discovery* shall remain in full force and effect.

16. Inforex shall file with the Court, within three (3) days after receipt of this Order, an affidavit acknowledging receipt of this Order.

17. This Order shall remain in effect until further order of this Court, and this Court shall retain jurisdiction over this action to assure compliance with this Order and for all other purposes related to this action.

**SO ORDERED**, at ____________________ Dallas, Texas on this 14th day of March 2005, at ~~3:45~~ 1:30 p.m.

JANE BOYLE
UNITED STATES DISTRICT JUDGE

Defendant Inforex affirms and consents to the entry of this Consent Order of Preliminary Injunction and Equitable Relief Against Defendant Premium Income Corp. Inforex affirms that its consent to the Order has been authorized and approved by its officers and board of directors and that such approval and authorization has been delegated to Gerald Leo Rogers to sign this Consent to Order on its behalf.

______________________________________
Gerald Leo Rogers for Inforex, Ltd.

Dated: March 4, 2005

______________________________________

Richard P. Foelber
Daniel Nathan
Attorneys for Plaintiff
United States Commodity
Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5320

Dated: March _____, 2005

Defendant Inforex affirms and consents to the entry of this Consent Order of Preliminary Injunction and Equitable Relief Against Defendant Premium Income Corp. Inforex affirms that its consent to the Order has been authorized and approved by its officers and board of directors and that such approval and authorization has been delegated to Gerald Leo Rogers to sign this Consent to Order on its behalf.

______________________________
Gerald Leo Rogers for Inforex, Ltd.

Dated: March ______, 2005

______________________________
Richard P. Foelber
Daniel Nathan
Attorneys for Plaintiff
United States Commodity
Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5320

Dated: March 14, 2005