UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | § § § |
| Plaintiff, | § § |
| V. | §   CIVIL ACTION NO. 3: 05-CV-0416-B |
| PREMIUM INCOME CORPORATION, et al., | § § § § |
| Defendants. | § |

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST GERALD LEO ROGERS

Based on the order granting Plaintiff Commodity Futures Trading Commission's Motion for Summary Judgment, entered on December 28, 2007:

### I.  PERMANENT INJUNCTION

A.  **IT IS HEREBY ORDERED** that Gerald Leo Rogers is permanently restrained, enjoined, and prohibited from directly or indirectly:

1.  Cheating, defrauding or deceiving, or attempting to cheat, defraud, or deceive other persons by making false, deceptive or misleading representations of material facts, by failing to disclose material facts, and by misappropriating customer funds in or in connection with an offer to enter into, the entry into, or the confirmation of the execution of commodity option transactions in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and CFTC Regulations 1.1(b) and 32.9, 17 C.F.R. §§ 1.1(b), 32.9; and

2.  Soliciting or accepting orders for, or accepting funds in connection with, the purchase or sale of any commodity option, or supervising any person or persons so engaged, in violation of Section 4c(b) of the Act, 7 U.S.C. 6c(b), and CFTC Regulation 32.11, 17 C.F.R. § 32.11.

B.  **IT IS HEREBY FURTHER ORDERED** that Gerald Leo Rogers is permanently restrained, enjoined, and prohibited from directly or indirectly engaging in any activity related to trading in any

commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including, but not limited to, the following:

1. Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

2. Engaging in, controlling, or directing the trading of any futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

3. Soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

4. Placing orders or giving advice or price quotations, or other information in connection with the purchase or sale of commodity interest contracts for themselves and others;

5. Introducing customers to any other person engaged in the business of commodity interest trading;

6. Issuing statements or reports to others concerning commodity interest trading;

7. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9), or acting as a principal, agent, officer or employee of any person registered, required to be registered, or exempted from registration, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

8. Engaging in any business activities related to commodity interest trading.

## II.  DISGORGEMENT AND CIVIL MONETARY PENALTIES

**IT IS HEREBY ORDERED** that Gerald Leo Rogers shall comply fully with the following terms, conditions, and obligations relating to disgorgement and civil monetary penalties.

A.   DISGORGEMENT

1. Gerald Leo Rogers shall disgorge the amount of $10,959,181, plus pre-judgment interest in the amount of $2,108,662, for a total of $13,067,843.  Rogers shall be credited with the

value of funds and assets recovered by court-appointed receiver, Kelly Crawford. Rogers shall make disgorgement immediately upon entry of this Order. The amount of disgorgement represents the amount of funds that investors deposited into bank accounts in the name of PIC or Inforex less the amount of funds paid to the investors from those bank accounts.

2. Disgorgement payments under this Order shall be made to the Receiver appointed herein, Kelly Crawford, by tendering payments to the Receiver at the following address: Sheef & Stone, LLP, 5956 Sherry Lane, Dallas, Texas 75225. The Receiver shall oversee the disgorgement obligation of Rogers and shall make periodic distributions of funds to investors as appropriate. Based upon the amount of funds available, the Receiver may defer distribution until such time as it deems appropriate.

3. Rogers shall notify the CFTC of any disgorgement payment with a letter that identifies the name and docket number of this proceeding and the amount of the payment, and shall transmit the letter and a copy of the form of payment to the Office of Cooperative Enforcement, Division of Enforcement, CFTC, 1155 21st N.W., Washington, D.C. 20581.

B.     **CIVIL MONETARY PENALTY**

Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Gerald Leo Rogers shall pay a civil monetary penalty in the amount of $120,000. No funds shall be applied to the civil monetary penalty until Rogers has fully satisfied his disgorgement obligations. Rogers shall pay this penalty by making electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order made payable to the CFTC and sent to the following address:

    Commodity Futures Trading Commission
     Division of Enforcement
     ATTN: Marie Bateman - AMZ-300
     DOT/FAA/MMAC
     6500 S. Macarthur Blvd.

      Oklahoma City, OK 73169

Rogers shall accompany payment of the penalty with a cover letter to the CFTC's Office of Cooperative Enforcement that identifies the name and docket number of this proceeding. Rogers shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, CFTC, 1155 21st N.W., Washington, D.C. 20581.

**C.**    **TRANSFER OF ASSETS**

Rogers shall not transfer, or cause others to transfer, funds or other property to the custody, possession, or control of any other person or entity for the purpose of concealing such funds from this Court or the CFTC until his disgorgement and civil monetary penalty obligations have been satisfied under this Order.

**D.**    **CONTINUATION OF ASSET FREEZE**

This Court's March 2, 2005 *Statutory Ex Parte Restraining Order Freezing Assets, Preserving Books and Records, Allowing Access To Books and Records, and Appointing Temporary Receiver, and Order Granting Expedited Discovery* shall remain in full force until the disgorgement and civil monetary penalty obligations of Gerald Leo Rogers have been satisfied under this Order. However, Rogers shall be permitted to transfer funds to the Receiver to satisfy his disgorgement obligations and to transfer funds to the CFTC to pay his civil monetary penalties.

### III.  SCOPE OF ORDER

**A.**    **IT IS HEREBY ORDERED** that this Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action. This Order shall be interpreted and enforced according to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Texas, and all provisions of the Act and CFTC Regulations relating or referring to the obligations hereunder.

B.  **IT IS HEREBY FURTHER ORDERED** that the following provisions shall apply to the terms and conditions of this Order:

1.  **Notices**: All notices required by this Order shall be sent by certified mail, return receipt requested.

2.  **Waiver**: The failure of any party to this Order or of any investor at any time to require performance of any provision of this Order shall in no manner affect the right of the party or investor to enforce the same or any other provision of this Order at a later time.  No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

3.  **Invalidation**: If any provision, or the application of any provision of this Order, is held invalid, the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

5.  **Integration**: Nothing shall serve to amend or modify this Order in any respect, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

SO ORDERED.

SIGNED January <u>9th</u>, 2008.

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**